**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **TORRANZE J'VON RABB,** ) | |
| ) | |
| Plaintiff, ) | Case No. CV 14-6876 AG (AJW) |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND ORDER** |
| **ELVIN VALENZUELA,** ) | **OF DISMISSAL** |
| ) | Fed. R. Civ. P. 4(m), 41(b) |
| Defendant. ) | |

Plaintiff, a state prisoner proceeding pro se, paid the filing fee and filed a civil rights complaint on August 21, 2014, and a summons was issued.

On January 5, 2015, an order to show cause ("OSC") was issued noting that plaintiff was responsible for having the summons and complaint served within the time allowed, that nearly 120 days had elapsed since the complaint was filed, and that plaintiff had not filed a proof of service of the summons and complaint. Plaintiff was ordered to file proof of service of the summons and complaint upon defendant or, alternatively, to show good cause for his failure to accomplish timely service of process, no later than January 26, 2014. The OSC contained the following warning: "**Plaintiff is cautioned that failure to respond to this order within the time allowed, or failure to show good cause as described in this order, may lead to the dismissal of this action.**" [OSC 1 (emphasis in original)].

Plaintiff did not file proof of service of the summons and complaint or respond to the OSC within the time allowed.

**Dismissal pursuant to Rule 4(m)**

This action should be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure for failure to accomplish timely service of the summons and complaint. Plaintiff has the burden to establish that he effected timely service of process in compliance with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ."). "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Plaintiff did not serve defendant with the summons and complaint within Rule 4(m)'s 120-day period, which ended on or about December 21, 2014. Therefore, dismissal of this action without prejudice is warranted under Rule 4(m).

**Dismissal pursuant to Rule 41(b)**

Additionally, this action may be dismissed under Rule 41(b) for failure to prosecute. It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); C. D. Cal. Local R. 41-1; Link v. Wabash R.Co., 370 U.S. 626, 629-630 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.) (per curiam), cert. denied, 516 U.S. 838 (1995) Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders or rules, a district court should consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. See In re Phenylpropanolamine (PPA) Prod. Liability Litig.,460 F.3d 1217, 1226-1228, 1234-1252 (9th Cir. 2006) (discussing and applying those factors); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (same), cert. denied, 538 U.S. 909 (2003); see, e.g., Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1115 (9th Cir. 2004) (failure to comply with discovery orders); Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) (failure to prosecute), cert. denied, 523 U.S. 1007

2

(2001); Ferdik, 963 F.2d at 1260-61 (failure to comply with orders); Carey, 856 F.2d at 1441 (failure to comply with local rule). Regardless of whether a litigant's conduct is most properly characterized as a failure to prosecute or as a failure to comply with court orders or rules, the applicable standard is the same.[1]

The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Pagtalunan, 291 F.3d at 642 (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." In re PPA Prod. Liab. Litig., 460 F.3d at 1227. "[D]ismissal serves the public interest in expeditious resolution of litigation as well as the court's need to manage the docket when a plaintiff's noncompliance has caused the action to come to a halt, thereby allowing the plaintiff, rather than the court, to control the pace of the docket." In re PPA Prod. Liab. Litig., 460 F.3d at 1234.

The second factor—the court's need to manage its docket—also favors dismissal. See Pagtalunan, 291 F.3d at 644 (noting "the need of the district court in the Central District of California to manage its huge caseload") (Trott, J., concurring); see Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004) (noting that when a plaintiff does nothing, "resources continue to be consumed by a case sitting idly on the court's docket"); Computer Task Group, Inc., 364 F.3d at 1115 ("Where a court order is violated, the first and second factors will favor sanctions . . . .").

The third factor—prejudice to the defendants or respondents—also weighs in favor of dismissal. In the absence of a showing to the contrary, prejudice to defendants or respondents is presumed from unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-1453 (9th Cir. 1994) (citing Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). "Delay in serving a complaint is a particularly serious failure to prosecute." Anderson, 542 F.2d at 525.

The fourth factor—the availability of less drastic sanctions—also supports dismissal. "Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives'

---

[1] Pro se litigants are bound by the federal and local rules. See C. D. Cal. Local R. 83-2.10.3; Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007); Ghazali, 46 F.3d at 54; Carter v. Comm'r, 784 F.2d 1006, 1008 (9th Cir.1986).

3

requirement." In re PPA Prod. Liability Litig., 460 F.3d at 1229. Plaintiff was repeatedly warned that his failure to file proof of service of the summons and complaint within the time allowed could lead to dismissal. See Franklin v. Murphy, 745 F.2d 1221, 1233 (9th Cir. 1984) (holding that the district court did not abuse its discretion in dismissing several cases under Rule 41(b) for failure to prosecute after warning the pro se prisoner plaintiff that his failure to serve the summons and complaint would lead to dismissal); Anderson, 542 F.2d at 525 ("There is no requirement that every single alternative remedy be examined by the court before the sanction of dismissal is appropriate. The reasonable exploration of possible and meaningful alternatives is all that is required.").

The fifth factor—the public policy favoring disposition of cases on their merits—weighs against dismissal, as it always does. Pagtalunan, 291 F.3d at 643 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). Despite the policy favoring disposition on the merits, however, it remains a litigant's responsibility to comply with orders issued by the court and "to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." In re Eisen, 31 F.3d at 1452 (quoting Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991)). Plaintiff has not fulfilled that obligation.

The five-factor test is a disjunctive balancing test, so not all five factors must support dismissal. See Valley Eng'rs Inc. v. Elec.Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (noting that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal), cert. denied, 526 U.S. 1064 (1999); Hernandez, 138 F.3d at 399 (explaining that dismissal is appropriate when four factors support dismissal or where three factors "strongly" support dismissal).

Dismissal under Rule 41(b) may be with or without prejudice. See Fed. R. Civ. P. 41(b); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996). Under the circumstances of this case, dismissal without prejudice is appropriate because plaintiff's failure to prosecute arises in part from his failure to timely serve the summons and complaint.

## Conclusion

For the reasons described above, this action is dismissed without prejudice.

February 18, 2015

ANDREW J. GUILFORD
United States District Judge

4